UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CARL McINTOSH,                )
                              )
        Plaintiff,            )
    vs.                       )    No. 2:08-cv-414-WTL-TAB
                              )
HELEN MARBERRY, et al.,       )
                              )
        Defendants.           )

**Entry Dismissing Legally Insufficient
Claims and Directing Further Proceedings**

For the reasons explained in this Entry, legally insufficient claims are **dismissed**, while other claims will **proceed** as directed.

**I.**

Plaintiff Carl McIntosh's complaint is brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971). McIntosh alleges that the defendants violated his civil rights and committed medical malpractice in their treatment of his broken hand and ankle. He seeks damages.

McIntosh is a "prisoner" as defined by relevant statute, 42 U.S.C. § 1997e(h), and consequently his amended complaint is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999). To avoid dismissal, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1938, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 555 & 557 (2007). Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II.

A *Bivens* claim must be based upon "a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987). A *Bivens* action brought by a prisoner, such as plaintiff McIntosh in this case, which fails to allege such a violation must be dismissed for the reasons explained in Part I of this Entry. Certain claims in the complaint are legally insufficient and are therefore dismissed.

! The complaint appears to assert a claim based on the Fifth Amendment's guarantee of due process. However, "[i]t is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993). This being the case, there is no occasion to invoke the important but limited protection of due process. *Albright v. Oliver*, 510 U.S. 266, 273 (1994)("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted). Any claim based on the Fifth Amendment's guarantee of due process is dismissed as legally insufficient.

! The claims against Warden Marberry, Warden Jett, and Associate Warden Young are dismissed because there is no suggestion of their personal participation in the alleged constitutional deprivation necessary to support a *Bivens* claim. "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise . . . .").

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

## III.

The claims against Julie Beighley, Andy Rupska, Dr. Thomas Webster, Dr. William Wilson, Dr. David Luken, Alex Jastillano, Chris McCoy, and Gerald Rowe will **proceed.** The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue process to these defendants. **Personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy

of the amended complaint and a copy of this Entry, on these defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2) and 4(i)(3) at the expense of the United States.

**IT IS SO ORDERED.**

Date: 12/07/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CARL MCINTOSH
22260-044
TERRE HAUTE - FCI
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204