**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CARL McINTOSH,                ) | |
|            Plaintiff,  ) | |
|    vs.                                      ) | No. 2:08-cv-414-WTL-TAB |
| HELEN MARBERRY, et al.,   ) | |
|            Defendants.  ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

    1.    Reference is made to the plaintiff's motion requesting service filed on March 30, 2010.

        a.    No service of process will be ordered as to defendants Marberry, Jett, and Young, because claims against such defendants were dismissed in the Entry of December 8, 2009.

        b.    It appears that defendants Wilson, Rowe, and Jastillano were served with process, but simply have not appeared at this point.

        c.    Additional process directed to defendant Luken will not be ordered at present.

    2.    Claims in the complaint based on an alleged violation of the Fifth Amendment are dismissed as legally insufficient. The plaintiff's claim of medical neglect falls within the ambit of the Eighth Amendment's proscription against the imposition of cruel and unusual punishments; there is no occasion to expand the basis of such claims to the Fifth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."); *see also Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) ("[C]onstitutional claims must be addressed under the most applicable provision.").

    3.    Claims pursuant to 42 U.S.C. §§ 1985 and 1986 are dismissed as legally insufficient because there are no facially plausible allegations supporting such claims. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

      4.    Claims which have been determined to be legally insufficient are dismissed pursuant to 28 U.S.C. § 1915A(b). No partial final judgment shall issue at this time as to the claims resolved in this Entry.

      5.    A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007)(some internal citations omitted). The plaintiff shall have **through June 2, 2010**, in which to submit supplemental allegations in support of any claim that defendant Luken's action or inaction could support such a claim in this case.

      **IT IS SO ORDERED.**

Date: 04/30/2010

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Carl McIntosh
No. 22260-044
Terre Haute - FCI
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808