UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CARL McINTOSH, )
        Plaintiff, )
  vs. ) No. 2:08-cv-414-WTL-TAB
)
JULIE BEIGHLEY, et al., )
)
        Defendants. )

### Entry Discussing Motion for
### Summary Judgment of Medical Defendants

This civil rights action is brought by Carl McIntosh, a federal prisoner, pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As used in this Entry, "McIntosh" refers to plaintiff Carl McIntosh, the "FCC" refers to the Federal Correctional Complex in Terre Haute, Indiana, and "the medical defendants" refers to defendants William Wilson, Chris McCoy, Alex Jastillano, David Luken, and Thomas Webster.

The right implicated by McIntosh's claim is his Eighth Amendment right to be free from the imposition of cruel and unusual punishment. *Helling v. McKinney,* 509 U.S. 25, 31 (1993)("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). McIntosh claims that the medical defendants violated his right to be free from cruel and unusual punishment through their alleged mismanagement of his medical needs while at the FCC. The medical defendants seek resolution of McIntosh's claim through the entry of summary judgment.[1]

A motion for summary judgment must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing

---

[1] Summary judgment has recently been granted in favor of other defendants, those who are not medical professionals but who were nonetheless sued by McIntosh.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).[2] An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Id.* "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

The Supreme Court has explained that the purpose of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). The means by which this purpose is accomplished is by "pierc[ing] the pleadings and . . . assess[ing] the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

> At bottom, the district court must determine whether the party opposing the motion for summary judgment has presented genuinely disputed facts which remain to be tried. If not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly.

*Thompson Everett, Inc. v. National Cable Advertising, L.P.* 57 F.3d 1317, 1323 (4th Cir. 1995). Succinctly stated, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998).

The Eighth Amendment's ban on "cruel and unusual punishments" requires prison officials to take reasonable measures to guarantee the safety of inmates, including the provision of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order for an inmate to state a claim for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). In *Farmer,* the Supreme Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference. It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . . ." 511 U.S. at 837. Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion. *Id.* Additionally, prison officials who know of a substantial risk to the health or safety of an

---

[2] Amendments to Rule 56 became effective on December 1, 2010. The frequently cited standard for summary judgment is now set forth in Rule 56(a), rather than Rule 56(c). Although the wording of the standard has changed slightly, *i.e.,* the word "issue" as quoted in *Celotex* and legions of other case decisions for a generation, was replaced with the word "dispute," the change does not affect the substantive standard or the applicability of prior decisions construing the standard. Fed.R.Civ.P. 56 Advisory Committee Notes.

inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

The medical defendants are medical professionals. For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" *Sain v. Wood,* 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir. 1998)); *see also Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006). "[D]eliberate indifference may be inferred . . . when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). A corollary to this "very high standard of culpability," *Ross v. Duggan,* 402 F.3d 575, 590 n.7 (6th Cir. 2004), and an established ingredient of *Bivens* jurisprudence, is that the defendant can only be liable for the actions or omissions in which he personally participated. *Sanville,* 266 F.3d at 734. "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994)(quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)) (citations and internal quotations omitted). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .").

Construed in the manner most favorable to McIntosh as the non-movant, the material facts are these: McIntosh injured his right ankle playing basketball at the FCC on Saturday, June 28, 2008. He was told to report to the prison sick call on Monday, June 30, 2008. He did so, and in doing so reported the injury to Chris McCoy. Based on McIntosh's activity since the injury, McCoy provided McIntosh with an "idle" so he would be excused from work, and scheduled a visit with a Physician's Assistant ("PA") for the following day. The PA, Alex Jastillano, saw McIntosh on July 1, 2008, and over the ensuing months saw McIntosh several times, scheduled diagnostic tests, extended treatment found appropriate, authorized and continued pain medication, and coordinated the care for a variety of injuries and concerns McIntosh expressed. McIntosh's injuries were evaluated by outside specialists and their recommendations were followed by the medical defendants. On occasion, McIntosh refused to be seen by medical staff or a consulting physician. McIntosh was supplied with crutches when appropriate and was counseled concerning how the healing could be aided. Dr. William Wilson, a physician, saw and treated McIntosh most consistently. McIntosh had suffered a non-displaced fracture of the fibula, for which he was treated. Dr. Wilson also evaluated McIntosh's nose, and in doing so did not observe any deformity on the nose or any impaired breathing through his nose. McIntosh's nose was x-rayed and revealed a questionable, non-displaced fracture of the nasal bone. Even so,

no further treatment was necessary because the fracture was non-displaced and because McIntosh's breathing was not impaired. McIntosh also complained of pain in a finger and it was determined after an x-ray that he had a fracture of the metacarpel bone in the small finger of the left hand. This injury was treated with a splint. The healing of McIntosh's injuries as documented in the institution medical records was monitored by prison staff and McIntosh recovered from his injuries sufficiently that he could walk without a cane, was able to grip objects and use his hand, and exhibited no nasal bone deformity.

Throughout the course of McIntosh's medical treatment for the injuries associated with the basketball game of June 28, 2008, there was no delay in responding to McIntosh's symptoms or the diagnostic test results, and he was prescribed Ibuprofen for pain. Dr. Webster was the Medical Director at the FCC at the times pertinent to the events in this case. Dr. Webster played no personal role in McIntosh's medical care or the decisions or actions of others in assessing McIntosh's medical needs or responding to them. Dr. Luken, a physician, is also a defendant who participated in delivering medical care to McIntosh and in determining what care was warranted.

McIntosh's lawsuit against the medical defendants is brought to vindicate his right under the Eighth Amendment to be free from cruel and unusual punishment in the area of medical care. The medical defendants concede that whether McIntosh's medley of injuries constituted serious medical needs is a disputed question of fact and focus instead on the element of deliberate indifference. McIntosh opposes a resolution through the entry of summary judgment through his contention that at trial he will be able to produce expert and other testimony establishing the medical defendants' deliberate indifference. Although McIntosh views the matter in this light, his insistence that his claim has merit and his forecast about what evidence might show in the future are misplaced. "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). McIntosh's simple assertion that the medical defendants exhibited deliberate indifference to his serious medical needs does not support the existence of a disputed material fact concerning the medical defendants' state of mind. *Pfeil v. Rogers,* 757 F.2d 850, 862 (7th Cir. 1985), *cert. denied*, 475 U.S. 1107 (1986). "Memorializing mere speculation in the form of an affidavit does not convert the speculation into competent evidence," *Gonzalez v. Litscher,* 230 F.Supp.2d 950, 962 (W.D.Wis. 2002), for "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). As to McIntosh's forecast of what conclusions he believes evidence at a trial would support, this is not responsive to the summary judgment process. The inquiry at this point is not what evidence might show in the future; instead, "[a] party seeking to defeat a motion for summary judgment is required to `wheel out all its artillery to defeat it.'" *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F. 3d 1264, 1270 (7th Cir. 1996)(quoting *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency,* 846 F. Supp. 677, 685 (N.D.Ill. 1994), *aff'd,* 39 F. 3d 138 (7th Cir. 1994). McIntosh has not disputed the medical records or other materials submitted by the medical defendants except to note that he was treated for pain at some point with Ibuprofen. The implication from this is that McIntosh believes the use of Ibuprofen to have been inappropriate.

As noted, the element of deliberate indifference requires "a very high standard of culpability." *Ross v. Duggan,* 402 F.3d 575, 590 n.7 (6th Cir. 2004). The evidentiary record recited above negates the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that the medical defendants were "subjectively aware of [McIntosh's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). McIntosh offers no evidentiary basis on which to conclude that the medical defendants–to the extent that they were involved--did not exercise reasonable professional judgment when assessing and treating McIntosh's medical condition. Additionally, there can be no claim under the Eighth Amendment simply because medical procedures were unsuccessful or, if successful, were not fully effective in alleviating the effects of a condition. Because of this showing, the medical defendants are entitled to the entry of judgment in their favor. *Lewis v. Holsum of Ft. Wayne, Inc.,* 278 F.3d 706, 709 (7th Cir. 2002) (on summary judgment, "a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial") (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)); *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996)(same).

The medical defendants' motion for summary judgment [94] is **granted.** The ruling in this Entry resolves all claims against all parties. Because of this disposition, McIntosh's motion to add person of interest [101] is **denied as moot.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/11/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana