UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CARL McINTOSH,
        Plaintiff,
  vs.

JULIE BEIGHLEY, et al.,
        Defendants.

No. 2:08-cv-414-WTL-TAB

**Entry Discussing Motion for Summary
Judgment of Non-Medical Defendants**

**I.**

This civil rights action is brought by Carl McIntosh, a federal prisoner, pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). The right implicated by McIntosh's claim is his right under the Eighth Amendment to be free from the imposition of cruel and unusual punishment. *Helling v. McKinney,* 509 U.S. 25, 31 (1993)("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Among the defendants are Julie Beighley, Andrew Rupska, and Gerald Rowe. These defendants are referred to in the aggregate in this Entry as "the non-medical defendants." Each of these defendants seeks resolution of McIntosh's claim through the entry of summary judgment.

**II.**

**A.**

A motion for summary judgment must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson*,

477 U.S. at 248. "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson,* 477 U.S. at 247).

"'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999)(quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion."*Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted)."When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2).

McIntosh has not opposed the motion for summary judgment with a statement of material facts in dispute as required by Local Rule 56.1(b). As he was advised it would be, the consequence of this is that McIntosh has conceded the defendants' version of the facts to the extent they are supported by admissible evidence. *See, e.g., Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) (holding that "a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998)(stating that procedural rules "apply to uncounseled litigants and must be enforced").

**B.**

McIntosh claims that the defendants were deliberately indifferent to his medical needs in the treatment of injuries he suffered while playing basketball. At the times pertinent to McIntosh' claims he was a convicted offender confined at the Federal Correctional Complex Terre Haute ("FCC"), Bieghley was employed at the FCC as Health Services Administrator, Rupska was an Assistant Health Services Administrator, and Rowe was a Correctional Counselor.

As the Health Services Administrator, defendant Beighley is responsible for the administrative aspects of the Health Services Department at the FCC. Her duties include staff scheduling, procurement, fiscal matters, housekeeping, and records maintenance. Beighley is not responsible for the clinical treatment of inmates. Beighley never made any decisions regarding McIntosh's care and was never personally involved in McIntosh's medical care.

As an Assistant Health Services Administrator, Rupska is responsible for non-clinical, administrative issues such as staff scheduling, fiscal management, housekeeping, and records supervision. He did not provide any medical treatment to McInstosh and was not at the FCC on the day McIntosh was injured.

As a Correctional Counselor, Rowe is not a medical provider and does not provide medical care to inmates. He did not provide any medical treatment to McIntosh and was not at the FCC on the day McIntosh was injured.

## C.

In this case, even construing the evidentiary record in the light most favorable to McIntosh as the non-movant, that record shows that McIntosh was not the victim of deliberate indifference by the non-medical defendants.

McIntosh's action is brought to vindicate his right under the Eighth Amendment to be free from cruel and unusual punishment in the area of medical care. The Eighth Amendment's ban on "cruel and unusual punishments" requires prison officials to take reasonable measures to guarantee the safety of inmates, including the provision of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An Eighth Amendment claim based on inadequate medical care contains two elements: (1) the prisoner suffered an objectively serious harm that presented a substantial risk to his safety, and (2) the defendants were deliberately indifferent to that risk. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

The second element of deliberate indifference requires "a very high standard of culpability, exceeding gross negligence." *Ross v. Duggan,* 402 F.3d 575, 590 n.7 (6th Cir. 2004). An adjunct to this requirement, and an established ingredient of a *Bivens* claim, is that personal involvement must be shown. Because "vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . ."); *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). In the particular context of a defendant who is not a medical provider,

> [i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Spruill v. Gillis,* 372 F.3d 218, 236 (3d Cir. 2004); *see also Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008)("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one.").

Here, the undisputed facts show that Beighley, Rupska, and Rowe are non-medical prison officials. Their duties do not include the provision of medical care and they provided no such care to McIntosh. Accordingly, they had no personal involvement in the treatment McIntosh complains of and their motion for summary judgment [94] must be **granted**.

**III.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 04/11/2011

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Carl McIntosh
No. 22260-044
Butner
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

margaret.schutte@usdoj.gov

shelese.woods@usdoj.gov